

# OFFICE OF

# THE ATTORNEY GENERAL

## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 30, 1947

Hon. Gilbert M. Denman, Vice President
State Board of Education
Austin, Texas

Opinion No. V-470

Re: Salary schedules of Texarkana, Eagle
Pass, Abilene, Pampa and Goose
Creek Independent School Districts.

Dear Sir:

We refer to your letter received by this office on October 28, 1947, from which we quote:

"Texarkana Independent School District, Eagle Pass Public Schools, Abilene City Schools, Pampa Public Schools and Goose Creek Independent School District submitted to the State Board of Education their Teachers' Salary Schedules, together with their briefs contending that their schedules meet the minimum salaries required by HB 300, Fiftieth Legislature. These districts request that we approve their salary schedules. I enclose these schedules and briefs for your consideration.

"Please advise us whether the respective salary schedules of these districts meet the requirements of the minimum salary law."

This Department in its recent Opinion No. V-388 has discussed in detail the provisions of H.B. 300. For the sake of brevity we shall abstain from the discussion herein of the matters therein covered and incorporate same only by reference. Inasmuch as said former opinion was based primarily on a fact situation involving an accredited school district which purported to be complying not with Section 1 of H.B. 300, but rather with the provisions of Section 2 thereof, it becomes necessary to consider further for the purposes of this opinion the provisions of Section 1 since some of the districts under consideration claim to be complying fully with Section 1 of H.B. 300.

Section 1 of H. B. 300 requires that the Board of Trustees of every school district (coming within the designation therein described) shall pay their teachers on a salary schedule providing a minimum beginning salary of not less than $2,000 per annum with increments above the minimum for additional college training and experience and efficiency in teaching, such increments to be paid upon a schedule not less than pro-

vided by the State Aid Law (H.B. 295). Further, this $2,000 minimum beginning salary shall be paid to teachers who hold a recognized Bachelor's Degree and who do not have previous experience in teaching; teachers without such a degree or higher degree shall be paid on a schedule provided by the State Aid Law.

Where the revenue of any such school district will permit the payment of a salary schedule prepared by the district in conformity with the minimum salary requirements of Section 1, and said district submits to the State Superintendent its salary schedule showing provision has been made for the payment of a salary to each of its teachers equal to or greater than the minimum requirements of Section 1, such a school district, in our opinion, has conformed with the salary schedule provisions of the Act. If such school district thereafter faithfully complies with such submitted salary schedule, it shall not become subject to the penalty provisions of Section 3 of H.B. 300, such penalty provisions being applicable only to those school districts which do not conform to Section 1 or Section 2 of the Act. In short, the submitted salary schedules of such districts which meet with the minimum salary requirements of Section 1 of H.B. 300 are not subject to the approval or disapproval of the State Superintendent and the Board of Education under this particular Act. His duty under this Section of the Act is merely to present such evidence of compliance to the Committee on Affiliation and Accreditation.

A study of the school law applicable to teachers' salaries, contracts, and the authority of local school trustees appertaining thereto will reveal that the Legislature has left to the wisdom and discretion of the local school trustees of certain school districts which are not State Aid districts the determination of teacher salary matters, the employment of their teachers, and the amount of salaries they shall be paid. Articles 2751, 2883, 2693, 2781, 2749, 2750, 2750a, 2751a, V.C.S. Thus, prior to the passage of H.B. 300, no salary schedule of any such school district was made by statute subject to the approval or disapproval of the State Superintendent or the Board of Education; and we know of no rules or regulations adopted by the State Superintendent under his general statutory powers which would require such approval prior to accreditation.

On the other hand, however, the salary schedules of those school districts covered by H.B. 300 which cannot comply with the provisions of Section 1 of said Act, by reason of the inadequacy of their revenues computed in conformance with the formula set out in Section 2, are by the specific provisions of Section 2 made subject to the approval of both the State Superintendent and the Board of Education, and until the salary schedules of such school districts are so approved, their schools may not be continued or placed on the list of accredited or affiliated schools. (See Section 3, H.B. 300.)

Section 2 requires that such school districts whose revenues are insufficient to meet the provisions of Section 1 shall pay the highest salaries possible to all of their teachers with the revenues therein itemized. This office advised in its Opinion No. V-388 that Section 2 of H.B. 300 means that all such school districts not having sufficient revenue to comply fully with the provisions of Section 1, shall comply as nearly and completely as possible with Section 1 and to the extent that the revenues itemized in Section 2 will permit. Thus, if the total revenue of a district earmarked by Section 2 to be considered in the payment of its teachers' salaries is but 90% of the total amount needed to comply fully with Section 1 of said Bill, then such a district shall pay teachers' salaries on a 90% salary schedule, the highest salary possible with the revenue available. Clearly, the authority of the State Superintendent and the Board of Education to approve or not to approve salary schedules of school districts which are submitted for approval under the provisions of Section 2 of H.B. 300, is limited to the minimum salary provisions and purposes of the Act; no authority would lie in said officer or Board to use the approval power therein granted to enforce conformance with school laws other than H.B. 300.

In the light of the above discussion and our former Opinion No. V-388 construing H.B. 300, we now come to consider the submitted salary schedules of the hereinabove named school districts and to advise whether they meet the requirements of the minimum salary law.

The Texarkana Independent School District school schedule shows: (1) The total revenues of the District itemized for teacher salary purposes are insufficient to permit conformance with the provisions of Section 1 of H.B. 300, (2) Salary provisions have been made to pay ninety-two of the district's one hundred twenty teachers a salary which meets with and is equal to the minimum salary requirements of Section 1, (3) The salaries provided for the remaining twenty-eight teachers do not meet the minimum requirements of Section 1. The district not having sufficient revenues to adopt a salary schedule meeting the provisions of Section 1, is subject to the provisions of Section 2 of the Act which require that such districts shall pay all of their teachers the highest salary possible with the revenues available. The salary schedule of the Texarkana District does not meet the requirements of Section 1 or 2 of said Bill, and is therefore subject to disapproval by the State Superintendent and Board of Education.

The Eagle Pass Independent School District school schedule shows: (1) The total revenues for the district itemized for teacher salary purposes are insufficient to permit conformance with the provisions of Section 1 of H.B. 300, (2) Salary provisions have been made to pay fifty-two of the district's sixty-five teachers a salary equal to or greater than the minimum salary requirements of Section 1, (3) The salaries provided for the remaining thirteen teachers do not meet the minimum requirements of Section 1 or Section 2 of the Act. The salary

schedule of the Eagle Pass District does not meet the requirements of Section 1 or 2 of said Bill, and is therefore subject to disapproval by the State Superintendent and Board of Education.

The Abilene Independent School District salary schedule shows that salary provisions have been made by the district to pay all of its teachers a salary equal to and in many cases greater than the minimum salary requirements of Section 1 of H.B. 300. The salary schedule of the Abilene District meets the requirements of Section 1 of said Bill and therefore it is not subject to the approval or disapproval of the State Superintendent and the Board of Education under the provisions of H.B. 300.

The Pampa Independent School District salary schedule shows that salary provisions have been made by the District to pay each and all of its teachers a salary in excess of the minimum salary requirements of Section 1, H.B. 300, even though the total revenues of the District itemized for teacher salary purposes are insufficient to pay in full the salary schedule. However, a letter attached to the salary schedule signed by the Superintendent of the District advises that nine of the one hundred forty teachers employed by the District are being paid a salary which does not meet the minimum requirements of Section 1 of H.B. 300 by reason of the policy of the local district to give less teacher-experience-credit to those teachers who have acquired some or all of their teaching experience without the District.

What shall be allowed as teacher-experience-credit for the purposes of determining how and when the increment for teaching experience shall attach, in the absence of a statute covering the subject, has been left to the sound discretion of the Department of Education. H.B. 295, 50th Leg., Acts 1947; Articles 2656, 2657, V.C.S.; Opinion V-406. If the rules and regulations of the Department of Education with respect to credits to be allowed for teaching experience have been complied with by the Pampa District in its calculations for teacher experience increments with regard to the nine teachers in question, the salary schedule of the Pampa District meets the requirements of Section 1 of H.B. 300, and its salary schedule is not subject to the approval or disapproval of the State Superintendent and the Board of Education under the provisions of H.B. 300.

The Goose Creek Independent School District salary schedule shows that salary provisions have been made by the District to pay all of its teachers a salary equal to or greater than the minimum salary requirements of Section 1 of H.B. 300. Said salary schedule of the Goose Creek District meets the requirements of Section 1 of said Bill and therefore it is not subject to the approval or disapproval of the State Superintendent or the Board of Education under the provisions of H.B. 300.

We have examined the salary schedules herein submitted solely for a determination on whether they meet the requirements of H. B. 300, as requested by the Board. That is the only question now before us. This Department has previously advised, in its Letter Opinion No. R-569, that a salary schedule submitted by a school district under H.B. No. 300, Acts 1947, which is discriminatory against Negro teachers solely because of their race, would be unconstitutional and void because in violation of the 14th Amendment of the Constitution of the United States and likewise the Constitution of Texas. Alston v. School Board of City of Norfolk, 112 Fed. 2d 992; Thompson v. Gibbes, 60 Fed. Supp. 872.

In our Opinion No. V-388, we have advised that H.B. 300 should be construed only as a minimum teacher salary law, that it makes no attempt to govern a school district as to the maximum salaries which it may pay its teachers, and that a district which meets the minimum requirements of H. B. 300 may provide higher salaries for its teachers, paying same on higher salary schedules based on efficiency and other valid considerations not covered by the increment provisions of H.B. 295, Art. III, Sec. 2, Acts 1947. The salary schedule required to be submitted by a school district under H.B. 300 is but a compilation of the individual salary schedules of the teachers of the school district, a report showing the basic salaries and increments which have been provided or contracted for by the district for each of its teachers.

Whether the salary schedules now before us for consideration are in violation of constitutional or statutory law other than H.B. 300 is dependent upon a proper determination of fact questions which are not now before us and which are not necessary in determining the precise legal question that is before us.

## SUMMARY

Salary schedules of certain school districts which meet the requirements of Section 1 of H.B. 300, 50th Leg., Acts 1947, are not subject to the approval power or authority of the State Superintendent and State Board of Education under that particular Act. Salary schedules of school districts which are covered by Section 2 of said Bill are subject to the approval power granted therein to the said officer and Board.

The salary schedules of Abilene I.S.D. and Goose Creek I.S.D. meet the requirements of Section 1 of H.B. 300. The salary schedule of Pampa I.S.D. meets the requirements of Section 1 of H.B. 300, if it has provided for proper increments for teaching experience in accord-

ance with the regulations of the Department of Education. The salary schedules of Texarkana I.S.D. and Eagle Pass I.S.D. do not meet the requirements of Section 1 or Section 2 of H.B. 300.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Chester E. Ollison

Chester E. Ollison
Assistant

CEO/djm/JCP

APPROVED:

Price Daniel

ATTORNEY GENERAL